IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT JAMES SPEARS,

    Petitioner,

v.                               Case No. 5:25cv113/MW/MAL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case, styled as a petition for writ of habeas corpus under 28 U.S.C. § 2241, is before me for initial review after being transferred from the Middle District of Florida. Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to § 2241 habeas cases. Therefore, summary dismissal of a § 2241 habeas corpus case under Rule 4 is appropriate when the petition reveals that relief is not warranted. After review of Spears's submission, I recommend the petition be summarily dismissed without prejudice.

**Background and Discussion**

On July 15, 1992, a federal court in the Middle District of Florida sentenced Robert James Spears to a term of 135 months of imprisonment followed by a term

of supervised release after he pleaded guilty to a controlled substance offense. M.D. Fla. Case 2:92-cr-00012-JES, ECF No. 64. His sentence was later reduced to 78 months. *Id.* at 2. Spears served his sentence but committed new law violations after his release. *Id.* On March 26, 2003, the federal court revoked his supervised release and sentenced him to a term of 27 months of imprisonment to be served consecutively[1] to the state sentence on the new law violations. *Id.* The court did not impose an additional term of supervised release. *Id.* Spears is currently in the custody of the Florida Department of Corrections at the Northwest Florida Reception Center Annex in Chipley, Florida, with a projected release date of August 8, 2025. *See* https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=723732&TypeSearch=AI (last accessed May 20, 2025).

On May 9, 2025, Spears filed a handwritten "Motion for Appointed Counsel" in his criminal case in the Middle District of Florida. M.D. Fla. Case 2:92-cr-00012-JES, ECF No. 69. Spears references 28 U.S.C. § 2241 on the first page of his motion, and he appears to seek appointment of counsel to ascertain how much sentencing credit he will receive against his 27-month federal sentence for time he spent in jail awaiting his revocation hearing. ECF No. 1 at 2. The Middle District terminated Spears's motion for appointed counsel, directed that the motion be opened as a new

---

[1] In 2018, Spears unsuccessfully challenged the federal court's imposition of a consecutive rather than concurrent sentence. M.D. Fla. Case 2:92-cr-00012-JES, ECF No. 64.

civil case, and transferred the case to this Court. It is this motion, having been transferred from the Middle District, that is now before me.

Spears's request for calculation of credit for time served toward his federal sentence is premature. Spears is still serving his state sentence. After Spears begins service of his federal sentence, the Attorney General through the BOP, is responsible for calculating his credit for time served under 18 U.S.C. § 3585(b). *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (explaining circumstances where a credit calculation cannot be made at sentencing and why all calculations must be made by the BOP after the federal sentence begins). If, after he begins service of his federal sentence, Spears is not satisfied with the credit for time served he has received from the BOP, he may file a § 2241 petition after exhausting his administrative remedies.

Accordingly, it is respectfully **RECOMMENDED**:

1. The petition under 28 U.S.C. § 2241 (ECF No. 2) be DISMISSED without prejudice.

2. The clerk be directed to close the case file.

DONE on May 20, 2025.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.